# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2013

Lyle W. Cayce
Clerk

No. 13-60001
Summary Calendar

STATE AUTO INSURANCE COMPANIES,

                    Plaintiff–Appellant,

versus

HARRISON COUNTY COMMERCIAL LOT, L.L.C.;
H. GORDON MYRICK, INCORPORATED;
H. GORDON MYRICK, JR., Individually;
SHOEMAKE PAINTING SERVICES, INCORPORATED,

                    Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CV-125

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60001

State Auto Insurance Companies ("State Auto") appeals the denial of summary judgment in its declaratory-judgment action. Because H. Gordon Myrick, Incorporated ("HGM"), is entitled to coverage under the policy purchased by Shoemake Painting Services, Incorporated ("Shoemake"), we affirm.

I.

Harrison County Commercial Lot, L.L.C. ("HCCL"), hired HGM and H. Gordon Myrick, Jr., as general contractor for a planned office building and hired Shoemake as a sub-contractor. HCCL sued HGM and Myrick in state court, alleging a variety of claims—including deficiencies in the building's drywall that HGM attributed to Shoemake's negligence.

Pursuant to its agreement with HGM, Shoemake purchased a policy providing commercial general liability coverage but excluding "'property damage' to 'your work.'" An endorsement added HGM as "an additional insured only with respect to liability for 'bodily injury', 'property damage' or 'personal and advertising injury' caused, in whole or in party, by . . . [y]our acts or omissions . . . ."

State Auto sought a declaratory judgment that it was not required to provide coverage or defend HGM in the state court action. The district court denied summary judgment to State Auto and found that "the endorsement for additional insureds modified the original policy to create coverage for [HGM] for any liability resulting from Shoemake's work." On State Auto's unopposed motion, the court entered final judgment pursuant to Federal Rule of Civil Procedure 54(b) and dismissed State Auto's claims.

II.

> We review a summary judgment *de novo*, "using the same standard as that employed by the district court under Rule 56." *Kerstetter v. Pac. Scientific Co.*, 210 F.3d 431, 435 (5th Cir. 2000). Summary judgment is appropriate "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

*Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012), *petition for cert. filed* (June 11, 2013) (No. 12-1437).

### III.

Mississippi law governs this diversity action. "The interpretation of an insurance policy is a question of law, not one of fact." *Noxubee Cnty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004). Where "the provisions of [a] policy . . . are plain and unambiguous, [] they should be construed as written." *Paul Revere Life Ins. Co. v. Prince*, 375 So. 2d 417, 419 (Miss. 1979). "The initial question of whether [a] contract is ambiguous is a matter of law." *Lamb Const. Co. v. Town of Renova*, 573 So. 2d 1378, 1383 (Miss. 1990).

"If a court determines that ambiguity inheres in the policy language," Mississippi law "requires the court to construe ambiguous terms in favor of the policyholder."[1] "Ambiguity arises when a term or provision is susceptible to more than one reasonable meaning, but can also result from 'internal conflict' between policy provisions that renders uncertain the meaning of the policy as a whole."[2]

### IV.

State Auto contends that the policy's denial of coverage to primary insured Shoemake for "'property damage' to 'your work'" precludes HGM, as additional insured, from receiving coverage based on Shoemake's negligence. HGM claims coverage based on the endorsement, which "modifies" the policy, adds HGM as

---

[1] *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 429 (5th Cir. 2007) (citing *J&W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 723 So.2d 550, 552 (Miss.1998)).

[2] *Id.* (citing *Miss. Farm Bureau Mut. Ins. Co. v. Walters*, 908 So.2d 765, 769 (Miss. 2005)).

additional insured, and expressly provides coverage for "'property damage' . . . caused . . . by . . . [y]our"—that is, Shoemake's[3]—"acts or omissions . . . ."

State Auto observes that an additional insured *generally* stands in shoes no larger than those worn by the primary policyholder.[4] In this case, however, the endorsement extends to HGM—coverage for property damage caused by Shoemake's acts—what the policy denies to Shoemake. Considering the relevant provisions together, we find ambiguity arising from internal conflict, so we construe the ambiguous terms in favor of coverage. *See Leonard*, 499 F.3d at 429.

The judgment is AFFIRMED.

---

[3] The policy provides that "you" and "your" refer to Shoemake, and nothing in the endorsement modifies that definition. We thus conclude that "[y]our acts," as described in the endorsement, denotes Shoemake only. *See Nat'l Union Fire Ins. Co. v. Liberty Mut. Ins. Co.*, 234 F. App'x 190, 193 (5th Cir. 2007) ("tak[ing] as a given that 'you'" refers only to the primary insured).

[4] *See, e.g., Mass. Tpk. Auth. v. Perini Corp.*, 208 N.E.2d 807, 813 (Mass. 1965) ("The naming of additional insureds does not extend the nature of the substantive coverage originally given by the policy but merely gives to other persons the same protection afforded to the principal insured.").